**NOT FOR PUBLICATION**

AUG 18 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA FRANCISCA LINARES-MIRANDA,<br><br>              Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 12-73355<br><br>Agency No. A095-810-208<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Ana Francisca Linares-Miranda, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Linares-Miranda's request for oral argument is denied.

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo claims of due process violations, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Linares-Miranda does not challenge the agency's dispositive finding that her asylum application was untimely, nor does she challenge the agency's related finding that she was not eligible for humanitarian asylum in light of the time bar. Thus, we deny the petition for review with respect to her asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Linares-Miranda's testimony and declaration regarding whether she was hospitalized for a week following her detention in 2001. *See Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). In the absence of credible testimony, Linares-Miranda's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Linares-Miranda's CAT claim also fails because it is based on the same statements the agency found not credible, and she does not point to any other evidence in the record that would compel the finding that it is more likely than not she would be tortured if returned to El Salvador. *See id.* at 1156-57.

Finally, we lack jurisdiction to consider Linares-Miranda's arguments regarding the IJ's failure to consider the possible impact of trauma in assessing her credibility, whether she knowingly waived her right to counsel, and whether the IJ improperly acted as a prosecutor, because she failed to raise these claims to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**